RECEIPT #_____
AMOUNT S  _N/A_____
SUMMONS ISSUED _N/A_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY CLK._PK_____
DATE_ 5-5-05_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,                    )
                Plaintiff,                   )
                                             )
        v.                                   )        Civil Action No.
                                             )
1979 ROLLS ROYCE SILVER                      )
WRAITH II, VEHICLE                           )
IDENTIFICATION NUMBER LRK 36784              )
AND WASHINGTON REGISTRATION                  )
NUMBER 020PAW,                               )
                Defendant.                   )

# 05  10925 RGS

MAGISTRATE JUDGE Bowler

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, in a civil action of forfeiture pursuant to Title
21, United States Code, Section 881(a)(4) and Title 31, United
States Code, Section 5317(c)(2), alleges that:

1.    This Court has jurisdiction in this matter pursuant to
28 U.S.C. §§ 1345 and 1355.  Venue is appropriate pursuant to 28
U.S.C. § 1395.

2.    The property consists of one 1979 Rolls Royce Silver
Wraith II, Vehicle Identification Number LRK 36784 and Washington
Registration Number 020PAW, seized by the United States Drug
Enforcement Administration on July 1, 2004, from 100 Main Street,
Yarmouth, Massachusetts (the "Defendant Vehicle").

3.    The in rem Defendant Vehicle is now, and, during the
pendency of this action, will be within the jurisdiction of this
Court.

4.    As detailed in the Affidavit of United States Drug Enforcement Administration Special Agent Robert Donovan, attached as Exhibit A and incorporated herein by reference, the United States has probable cause to believe that the Defendant Vehicle was used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of the Controlled Substances Act, United States Code, Section 801, et seq., and is, therefore, subject to seizure and forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4).    The United States further has probable cause to believe that the Defendant Vehicle constitutes property involved in structured transactions at a domestic financial institution in violation of 31 U.S.C. § 5324, or property traceable thereto, and is, therefore, subject to seizure and forfeiture to the United States under 31 U.S.C. § 5317(c)(2).

WHEREFORE, the United States of America prays:

1.    That a Warrant and Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him to take custody of the Defendant Vehicle and give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2.    That judgment of forfeiture be decreed against the Defendant Vehicle;

2

3.    That thereafter, the Defendant Vehicle be disposed of according to law; and

4.    For costs and all other relief to which the United States may be entitled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
KRISTINA E. BARCLAY
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: **May 5, 2005**

3

## VERIFICATION

I, Robert Donovan, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Verified Complaint for Forfeiture In Rem, and that the contents thereof are true to the best of my knowledge, information and belief.

_____
Robert Donovan, Special Agent
United States Drug Enforcement
Administration

Dated: 5/4/05

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                            Boston

Then personally appeared before me the above-named Robert Donovan, Special Agent, United States Drug Enforcement Administration, who acknowledged the foregoing to be true to the best of his knowledge, information and belief, on behalf of the United States of America.

Subscribed to and sworn to before me this **4th** day of May, 2005

_____
Notary Public
My commission expires: 5/29/09

LISA J. TALBOT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 29, 2009

4

## Exhibit A

### AFFIDAVIT OF ROBERT DONOVAN

I, Robert Donovan, hereby depose and state the following:

1.    I am a Special Agent of the United States Drug Enforcement Administration ("DEA"), and have served in this capacity for over seven and one-half years. I currently am assigned to the Boston, Massachusetts, Division Office. During my tenure as a Special Agent, I have participated in hundreds of drug investigations. I have applied for and/or participated in the execution of numerous search and seizure warrants, resulting in the seizures of large quantities of controlled substances; packing implements and other paraphernalia involved in the manufacture and distribution of controlled substances; large amounts of United States currency, ledger books, bank records, telephone books, receipts, drug customer lists, and other documents relating to the manufacturing, transportation, ordering, purchasing, and distribution of controlled substances. As part of my duties, I also have received training in and conducted investigations into money laundering and violations of the currency transaction reporting statutes (31 U.S.C. §§ 5313, 5324 and 5325), particularly in connection with large-scale narcotics trafficking.

2.    I submit this affidavit in support of a Verified
Complaint for Forfeiture In Rem against the following property:

1979 Rolls Royce Silver Wraith II, Vehicle

Identification Number LRK 36784 and Washington

Registration Number 020PAW (the "Defendant Vehicle").

3.    This affidavit is based upon my personal knowledge, and
information provided to me by officers of the United States
Postal Inspection Service, the Yarmouth Police Department, the
Bristol County Sheriff's Department, and the Cape Cod Task Force.
This affidavit does not contain every detail I and other law
enforcement personnel have learned during the course of this
investigation, but I set forth the following information as
probable cause to believe that the Defendant Vehicle is subject
to seizure and forfeiture to the United States (1) pursuant to 21
U.S.C. §§ 881(a)(4) and 881(b), as it was used or intended to be
used to transport, or in any manner to facilitate the
transportation, sale, receipt, possession, or concealment of
controlled substances, in violation of the Controlled Substances
Act, Title 21, United States Code, Section 801, et seq., and (2)
pursuant to 31 U.S.C. § 5317(c)(2), as it constitutes property
involved in structured transactions at a domestic financial
institution in violation of 31 U.S.C. § 5324, and property
traceable thereto.

2

## INVESTIGATION

### Drug Investigation

4.  On July 1, 2004, United States Postal Inspector Steve
Dowd contacted me regarding a package which he intercepted while
he was working at the Airmail Center at Logan Airport in Boston,
Massachusetts.  Inspector Dowd reported that the suspect package
was emanating the distinct order of marijuana.  Inspector Dowd
informed me that the package was addressed to "H. Smith, 100 Main
Street, Apartment 1, Upstairs, West Yarmouth, MA", and that the
return address on the package was "Jerry A. Johnson, 2608 Market
Street, Apartment 12, Houston, TX".  Based on my training and
experience, I know that Houston, Texas is a source city for
illegal narcotics.  Inspector Dowd stated that, upon further
investigation, he determined from United States Postal Service
records that the return address on the suspect package was phony.

5.    Later that day, I met Inspector Dowd at the Yarmouth
Police station, where we met with Special Agent Edward Harrington
of the Drug Enforcement Administration, Officer Thomas Downs of
the Cape Cod Task Force, and Detective Charles E. Peterson of the
Yarmouth Police Department.  Inspector Dowd showed me and the
officers the suspect package, and I detected the distinct smell
of marijuana emanating from the suspect package.  The markings on
the suspect package indicated that it had been sent on June 30,
2004 via next day delivery, and that it weighed two pounds and

3

twelve ounces.

6.    Officers contacted the Barnstable County Sheriff's Department K-9 Unit, and Deputy Paul Roderick responded to the Yarmouth Police station with his K-9 partner, Cassie. Cassie is certified as a Massachusetts State Police Narcotic Detection K-9. Before Deputy Roderick and Cassie arrived at the station, six packages, similar in size, shape, color and markings, were placed on the floor of the Yarmouth Police Department briefing room. Cassie scanned the packages, and showed a positive alert for the presence of narcotics in the suspect package.

7.    Detective Peterson then obtained information regarding the occupancy for 100 Main Street in West Yarmouth. There are three units in the building, number 98, number 100 and number 100 Main Street Apartment 1. As of July 1, 2004, number 98 was occupied by Schlegel Insurance Agency, number 100 was occupied by Shears Beauty Salon, and number 100 Main Street apartment 1 was occupied by Marcy Katz. Detective Peterson was unable to identify "H. Smith" as an occupant of the building. At approximately 2:15 p.m. on July 1, 2004, a state search warrant for number 100 Main Street, apartment 1, West Yarmouth, Massachusetts was issued, based on an affidavit submitted by Detective Peterson.

8.    At approximately 3:00 p.m. the same day, officers established surveillance at 100 Main Street in West Yarmouth.    A

4

short time later, Inspector Dowd arrived at 100 Main Street and
pulled into the parking area. Inspector Dowd was operating in an
undercover capacity, dressed as a United States Postal Service
carrier and driving a United States Postal Service vehicle.
Inspector Dowd got out of the vehicle with the suspect package,
and walked around to the rear of the building. Surveillance
officers observed a black male dressed in a green shirt and blue
jeans follow Inspector Down around the building. When Inspector
Dowd was about half way up the stairs to number 100 Main Street,
apartment 1, the black male came around the corner of the
building and called out to Inspector Dowd. The black male asked
Inspector Dowd if the package could be delivered to the hair
salon, and Inspector Dowd responded that the package had to be
delivered to "H. Smith". Inspector Dowd came to the bottom of
the stairs and the black male identified himself as Henry Smith.
Inspector Dowd verified Smith's identify and Smith signed for the
suspect package. Inspector Dowd watched as Smith walked to the
Defendant Vehicle, opened the front passenger door, and placed
the suspect package in the front passenger seat of the Defendant
Vehicle, which was parked at 100 Main Street. Surveillance
officers, including myself and Detective Peterson, then entered
the parking lot. Detective Peterson immediately recognized Smith
from prior narcotics investigations. Smith was arrested and
charged with possession with intent to distribute marijuana, and

officers recovered the suspect package from the Defendant Vehicle. Officers recovered a yellow note stuck to the door of number 100 Main Street, apartment 1, which read "can you leave package downstairs at hair salon, Thank you".

9.   Later that day, Detective Peterson conducted a background check on Smith and determined that Smith had a valid Massachusetts driver's license listing his address as 162 Old Colony Road, Hyannis, Massachusetts. Smith was taken to the Yarmouth Police station, where he told me that he had owned the Defendant Vehicle for approximately seven months, but that he did not want to provide any other information about the Defendant Vehicle. A check of the registration for the Defendant Vehicle revealed that it was registered to Bernard C. Houston, 3801 47th Avenue SW, Seattle, Washington.

10.   While booking Smith, officers recovered two bundles of cash from Smith's person: one bundle consisting of $1,500 in United States currency and one bundle consisting of $1,930 in United States currency. Officers also seized a black Nextel i540 cell phone and two Express Mail labels. One of the Express Mail labels bore a return address of "Henry Smith, 162 Old Colony Road, Hyannis, MA" and a recipient address of "Cleonis Smith, 5527 Trempor St., Houston, TX 77020". The label reflected that the package was shipped, via next day delivery, on June 29, 2004, and that it weighed one pound, one ounce. The second label bore

6

a return address of "Michael Wilson, 162 Old Colony Road,
Hyannis, MA" and a recipient address of "Betty White, 2665 South
West 6th Court, Apt. 1, Ft. Lauderdale, Fla 33312". The label
reflected that the package was shipped, via next day delivery, on
June 23, 2004, and that it weighed one pound, three ounces.
Based on my training and experience, I know that individuals
involved in transporting narcotics by mail often will send money
orders or United States currency to their sources of supply, and
in return they will receive a package containing the illegal
drugs. I am also aware that the packages containing money orders
or United States currency will frequently be smaller than
packages containing narcotics, and that they will often weigh
approximately one pound.

11. Based on, inter alia, the positive alert for narcotics
by K-9 Cassie, the smell emanating from the suspect package and
the controlled delivery of the suspect package, Detective
Peterson applied for a state court search warrant for the suspect
package on July 1, 2004. The search warrant was issued, and
Detective Peterson took custody of the suspect package at the
Yarmouth Police station later that same day. Detective Peterson
opened the suspect package and discovered balled-up Houston
Courier newspaper pages and a large, plastic-wrapped bundle. As
Detective Peterson unwrapped the plastic cling-wrap from the
bundle, he encountered five sheets of fabric softener rolled into

7

the plastic wrap. After unwrapping the cling-wrap and fabric softener sheets, Detective Peterson found two blue zip-lock type freezer bags, each containing a quantity of green vegetable matter believed to be marijuana. Field tests of the green vegetable matter in each bag were positive for marijuana.

12. The bags of green vegetable matter seized from the suspect package were later analyzed and certified to contain marijuana. I weighed the marijuana prior to submitting it to the state narcotics lab, and the total weight of the green vegetable matter in both bags was approximately two and one-half pounds.

13. The state charges against Smith for possession with intent to distribute marijuana currently are pending in Barnstable District Court. On October 4, 2004, Smith was arrested in Houston, Texas in possession of two kilograms of cocaine. He is currently incarcerated at the Harris County Sheriff's Office and the state charges in Texas currently are pending. A criminal records check revealed that Smith has a prior history of narcotics distribution charges in Massachusetts and Florida, including, among other things, a 1998 Massachusetts conviction on charges of cocaine trafficking, possession with the intent to distribute cocaine and possession with the intent to distribute marijuana.

**Structuring Investigation**

14. 31 U.S.C. § 5313(a) and 31 C.F.R. § 103.22 require a domestic financial institution to file a currency transaction report ("CTR") for any transaction in currency of more than $10,000. Rockland Trust and Cape Cod Bank & Trust are financial institutions subject to the requirements of 31 U.S.C. § 5313(a). See 31 U.S.C. § 5312(a)(2)(v).

15. 31 U.S.C. § 5324 provides, in relevant part:

> No person shall, for the purpose of evading the reporting requirements of section 5313(a) ... (1) cause or attempt to cause a domestic financial institution to fail to file a report required under section 5313(a)... ; (2) cause or attempt to cause a domestic financial institution to file a report required under section 5313(a) ... that contains a material omission or misstatement of fact; or (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

16. Pursuant to 31 U.S.C. § 5317(c)(2), any property involved in a violation of 31 U.S.C. § 5324, and all property traceable to any such violation, is subject to forfeiture to the United States.

17. On May 4, 2005, I contacted Bernard C. Houston, under whose name the Defendant Vehicle was registered in July 2004. As set forth above, on July 1, 2004, Smith stated that he had purchased the Defendant Vehicle from Houston seven months earlier.

18. Houston remembered selling the Defendant Vehicle to Henry L. Smith, Sr. at the end of January 2004. He could not locate the Bill of Sale, but recalled that he sold the Defendant Vehicle to Smith for approximately $29,000. Houston remembered that he spoke to Smith over the telephone, that Smith gave his address as 162 Old Colony Road, Hyannis, Massachusetts, and that Smith stated that he would fly someone out to Washington with $29,000 in cash to retrieve the Defendant Vehicle. Houston was uncomfortable with that arrangement, and requested payment by cashier's check. Smith then sent Houston three separate checks, at the same time, to Houston for the purchase of the Defendant Vehicle. I have reviewed copies of those checks, which were provided to me by Houston. The three checks are described as:

> a. Rockland Trust Treasurer's Check Number 611837, in the amount of $9,000, payable to Bernard Houston, purchased by Henry Smith Sr. on January 26, 2004;
>
> b. Rockland Trust Treasurer's Check Number 611775, in the amount of $9,500, payable to Bernard Houston, purchased by Henry Smith Sr. on January 26, 2004; and
>
> c. Cape Cod Bank & Trust Cashier's Check Number 161721, in the amount of $9,500, payable to Bernard Houston, purchased by Henry L. Smith Sr. on January 26, 2004.

10

19.  Houston further stated that Smith arranged for the Defendant Vehicle to be professionally transported from Seattle, Washington to Hyannis, Massachusetts. Houston sent the title for the vehicle to Smith.

20.  According to information obtained from Rockland Trust, Treasurer's Checks Number 611837 and Number 611775 were purchased from different Rockland Trust branches on January 26, 2004. For each purchase, cash was deposited into a Rockland Trust deposit account and then funds withdrawn from the account to purchase the check. Each Treasurer's Check was purchased with funds from a different deposit account, held in the name of different individuals. Because Smith never purchased more than $10,000 in treasurer's or cashier's checks from one financial institution at one time, and because his Rockland Trust transactions were conducted through accounts held in the names of two different individuals, Smith's transactions would not have triggered the reporting requirements under 31 U.S.C. § 5313.

21.  Based on my training and experience, the purchase pattern identified in paragraph 20 above establishes that Smith purchased the three checks which he used to purchase the Defendant Vehicle in transactions structured to evade the currency transaction requirements of 31 U.S.C. § 5313(a), in violation of 31 U.S.C. § 5324.

11

## CONCLUSION

22. Based on the foregoing, I have probable cause to
believe that the Defendant Vehicle was used or intended to be
used to transport, or in any manner to facilitate the
transportation, sale, receipt, possession, or concealment of
controlled substances, in violation of the Controlled Substances
Act, Title 21, United States Code, Section 801, et seq. I
therefore have probable cause to believe that the Defendant
Vehicle is subject to seizure and forfeiture to the United States
pursuant to 21 U.S.C. §§ 881(a)(4) and 881(b). Based on the
foregoing, I further have probable cause to believe that the
Defendant Vehicle constitutes property involved in structured
transactions at a domestic financial institution in violation of
31 U.S.C. § 5324, or property traceable thereto. I therefore
have probable cause to believe that the Defendant Vehicle is
subject to seizure and forfeiture to the United States under 31
U.S.C. § 5317(c)(2).

Signed under the pains and penalties of perjury this 4ᵗʰ day of May, 2005.

Robert Donovan
Special Agent
United States Drug Enforcement
Administration

# CIVIL COVER SHEE.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

**DEFENDANTS**

1979 Rolls Royce Silver Wraith II, Vehicle Identification Number LRK 36784 and Washington Registration Number 020PAW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kristina E. Barclay, Assistant U.S. Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210  (617) 748-3100

ATTORNEYS (IF KNOWN)

05  10925 RG

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [X] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury – Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | [ ] 871 IRS – Third Party 26 USC 7609 | |
| | | [ ] 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The United States seeks to forfeit the 1979 Rolls Royce Silver Wraith II, Vehicle Identificatic Number LRK 36784 and Washington Registration Number 020PAW pursuant to 21 U.S.C. § 881(a)(4) ar 3 U.S.C. §5317 (a)(2).

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION**
[ ] UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] YES   [ ] NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE
May 5, 2005

SIGNATURE OF ATTORNEY OF RECORD

Kristina E. Barclay, AUSA

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   United States of America v. 1979 Rolls Royce Silver
   Wraith II, Vehicle Identification Number LRK 36784 and Washington Registration
   Number UZOPAW

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   ___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        *Also complete AO 120 or AO 121
                                                                                     for patent, trademark or copyright cases

   ___   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                         YES ☐      NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28
   USC §2403)
                                                         YES ☐      NO ☒
   If so, is the u.s.a. or an officer, agent or employee of the u.s. a party?
                                                         YES ☐      NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 usc §2284?
                                                         YES ☐      NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the commonwealth of
   massachusetts ("governmental agencies"), residing in massachusetts reside in the same division? - (See local rule 40.1(d)).
                                                         YES ☐      NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)
                                                         YES ☐      NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Kristina E. Barclay, Assistant U.S. Attorney

ADDRESS  United States Attorney's Office, 1 Courthouse Way, Boston, MA 02210
TELEPHONE NO.  617-748-3100

(Cover sheet local.wpd - 09/12/02)

## TRANSMITTAL

Once case is assigned,
please forward to civil
Docketing, U.S. Attorney's
Office.

CLERK OF COURT:                  U5 ̲ ̲1 ̲ ̲925 RGS

RE:   United States of America     vs.  1979 Rolls Royce Silver Wraith II
                                        Vehicle Identification Number LRK 36784 and
                                        Washington Registration Number 020PAW
PLEASE DESIGNATE:

      Court Number:  _____

      Date Filed:   May 5, 2005

      Assistant U.S. Attorney:  Kristina E. Barclay