UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>            Plaintiff,          )<br>                                  )<br>    v.                            )<br>                                  )<br>1979 ROLLS ROYCE SILVER           )<br>WRAITH II, VEHICLE                )<br>IDENTIFICATION NUMBER LRK 36784   )<br>WASHINGTON REGISTRATION           )<br>NUMBER 020PAW,                    )<br>            Defendant.            ) | Civil Action No.<br>05-10925-RGS |

**MOTION FOR FINAL JUDGMENT AND ORDER OF FORFEITURE**

The United States of America, by its attorney Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves for entry of a Final Judgment and Order of Forfeiture, forfeiting one 1979 Rolls Royce Silver Wraith II, Vehicle Identification Number LRK 36784 Washington Registration Number 020PAW (the "Defendant Vehicle").

In support of this Motion, the Government states that on July 21, 2005, it filed a Motion for Entry of Default against the claimants in this action, and on August 8, 2005, this Court entered a Notice of Default, a copy of which is attached hereto as Exhibit A. The Notice was entered against Henry L. Smith, Bernard C. Houston, Jr., and all other persons claiming an interest in the Defendant Vehicle, for their failure to answer or otherwise defend in this action. No other claims have been filed, and the time to do so has expired.

WHEREFORE, the United States of America requests that this

Court enter a Final Judgment and Order of Forfeiture, forfeiting the Defendant Vehicle.  A proposed Order is attached.

                                          Respectfully submitted,

                                          UNITED STATES OF AMERICA
                                          By its attorneys,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney

                              By:   /s/ Eugenia M. Carris
                                     JENNIFER H. ZACKS
                                     EUGENIA M. CARRIS
                                     Assistant U.S. Attorney
                                     1 Courthouse Way
                                     Suite 9200
                                     Boston, MA  02210
                                     (617) 748-3100

Date: August 23, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>      v.<br><br>1979 ROLLS ROYCE SILVER<br>WRAITH II, VEHICLE<br>IDENTIFICATION NUMBER LRK 36784<br>WASHINGTON REGISTRATION<br>NUMBER 020PAW,<br>      Defendant. | Civil Action No.<br>05-10925-RGS |

**FINAL JUDGMENT AND ORDER OF FORFEITURE**

This Court having allowed Plaintiff's Motion for Entry of Default and having issued a Notice of Default, it is hereby

ORDERED, ADJUDGED and DECREED:

1. That judgment be and hereby is entered in favor of the Plaintiff, the United States of America;

2. That the Defendant Vehicle, described herein as one 1979 Rolls Royce Silver Wraith II, Vehicle Identification Number LRK 36784 Washington Registration Number 020PAW (the "Defendant Vehicle"), is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(4);

3. That any claim of interest of Henry L. Smith, Bernard C. Houston, Jr., and any other parties claiming any right, title, or interest in or to the Defendant Vehicle, is hereby held in default and dismissed, having been defaulted on August 8, 2005;

4. That the United States of America, through the United States Marshals Service, shall retain the Defendant Vehicle in its

secure custody and control, and shall dispose of it in accordance with law;

    5.  That this Court shall retain jurisdiction in this case solely for the purpose of enforcing the terms of this judgment; otherwise, this Order shall be, and hereby is, the full and final disposition of this civil forfeiture action.


APPROVED AND SO ORDERED:


_____
RICHARD G. STEARNS
United States District Judge


Date:_____, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

__USA__
Plaintiff

v.

__1979 Rolls Royce Silver__
Defendant

Wraith, II
VIN LRK 36784
Washington Registration
number 020PAW

CIVIL ACTION

NO. __05-10925 RGS__

**NOTICE OF DEFAULT**

Upon application of the Plaintiff, __USA__ for an order of Default for failure of the Defendant, __1979 Rolls Royce__ _____, to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, notice is hereby given that the Defendant has been defaulted this __8th__ day of __August 2005__.

SARAH A. THORNTON
CLERK OF COURT

By: __Elaine A Flaherty__
Deputy Clerk

Notice mailed to:

AUSA Zacks

(Default Notice.wpd - 3/7/2005)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

____USA____
Plaintiff

v.                                          CIVIL ACTION NO. _05-10925 RGS_

_1979 ROLLS ROYCE SILVER_
_WRAITH, II_
Defendant

STANDING ORDER REGARDING
MOTIONS FOR DEFAULT JUDGMENT

___Stearns___, D.J.

A Notice of Default has been issued to the above named defendant(s) upon request of the plaintiff(s) in the above entitled action.

In anticipation of a Motion for Entry of Default Judgment being filed, counsel are advised of the following requirements for submission of such motion in order to ensure compliance with Rule 55 of the Federal Rules of Civil Procedure:

1.      A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of default judgment in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

2.      Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

3.      The Court will take up the motion for default judgment on the papers at the conclusion of the 14 day period. Should the motion for default judgment at that time fail to comply with Fed. R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

[procodfltjgm.]

4.  Necessary and appropriate action with respect to this Standing ORDER shall be taken by the moving party within 30 days of the date of the issuance of this ORDER. If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket. Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

By the Court,

*Elaine Flaherty*
Deputy Clerk

Dated: 8/8/05

(Default Standing Order.wpd - 12/98)                                                                    [procodfltjgm.]

Appendix A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
    Plaintiff(s)

v.                                              CIVIL ACTION NO._____

_____
    Defendant(s)

### FORM OF
### DEFAULT JUDGMENT

_____, D.J.

Defendant _____ having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $_____ that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____.

It is hereby ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant \_\_ _____ the principal amount of $_____, with costs in the amount of $_____ and prejudgment interest at the rate of \_\_\_\_ % from _____ \_\_\_\_to _____ in the amount of $_____ for a total judgment of $_____ _____ with  interest as provided by law.

By the Court,

Dated:_____

_____
Deputy Clerk

NOTE:  The post judgment interest rate effective this date is \_\_\_\_%.

3